

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JESUS LEONEZ HERRERA, a/k/a Francisco Mina Corrales,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No. 11-72955<br><br>Agency No. A077-225-296<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Department of Homeland Security

Submitted February 8, 2016[**]
Pasadena, California

Before: BERZON, DAVIS[***], and OWENS, Circuit Judges.

Jesus Leonez Herrera, a native and citizen of Mexico, petitions for review of

the Department of Homeland Security's ("DHS") October 5, 2011 order reinstating

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The Panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Andre M. Davis, Senior Circuit Judge for the U.S. Court of Appeals for the Fourth Circuit, sitting by designation.

his April 2000 expedited removal order. We have jurisdiction pursuant to 8 U.S.C. § 1252. Our review, however, is "limited to confirming the agency's compliance with the reinstatement regulations." *Garcia de Rincon v. DHS*, 539 F.3d 1133, 1137 (9th Cir. 2008). We deny in part and dismiss in part the petition for review.

1.      The DHS did not err in issuing Herrera's reinstatement order, as the record shows that Herrera is an alien, he is the subject of a prior expedited order of removal, and he illegally reentered the country without inspection days after his expedited removal order was executed. *See id.* (observing that our jurisdiction is limited to reviewing the "three discrete inquiries an immigration officer must make in order to reinstate a removal order: (1) whether the petitioner is an alien; (2) whether the petitioner was subject to a prior removal order; and (3) whether the petitioner re-entered illegally"); 8 U.S.C. § 1231(a)(5) (providing that, if the DHS "finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed").

2.      While Herrera argues that he cannot have an outstanding order of removal reinstated against him because he has never been ordered removed by an immigration judge, no such requirement exists.  The Immigration and Nationality

Act ("INA") provides that "[a]ny alien who falsely represents, or has falsely represented, himself or herself to be a citizen of the United States for any purpose or benefit under this chapter . . . is inadmissible," 8 U.S.C. § 1182(a)(6)(C)(ii)(I), and requires any immigration officer who deems an alien inadmissible under § 1182(a)(6)(C) to "order the alien removed from the United States without further hearing or review unless the alien indicates either an intention to apply for asylum . . . or a fear of persecution," 8 U.S.C. § 1225(b)(1)(A)(i).

3.      Similarly, an immigration officer validly reinstated Herrera's prior expedited removal order pursuant to 8 U.S.C. § 1231(a)(5). While Herrera highlights that his Warrant of Removal, as provided by the DHS, contains an erroneously checked box indicating that he "is subject to removal/deportation from the United States, based upon a final order by: an immigration judge in exclusion, deportation, or removal proceedings," the Notice of Intent/Decision to Reinstate Prior Order clearly informed Herrera that the reinstatement determination was made by an immigration officer in accordance with § 1231(a)(5). Moreover, to the extent that Herrera raises a procedural due process challenge on account of this error, he has not established prejudice. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (explaining that, to prevail on a due process challenge, an alien must show error and prejudice).

3

4.     Finally, we lack jurisdiction to consider any collateral attacks Herrera wages against his April 2000 expedited removal order or his October 2011 reinstatement order. *See Garcia de Rincon*, 539 F.3d at 1137 (noting that, "whatever relief might be gained by the operation of § 1252(a)(2)(D) and the 'gross miscarriage' standard, it is unavailable to [petitioner] because her underlying removal order is an *expedited* removal order that is subject to additional jurisdictional bars—8 U.S.C. §§ 1252(a)(2)(A) and 1252(e)").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**